DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-488-GCM
(3:03-cr-134-GCM-CH-7)

| | | |
|---|---|---|
| PJ JAMAL GILYARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's pro se "Letter Motion," (Doc. No. 15).

In this action, filed as a motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255, Petitioner raised as his sole claim that the Court imposed an illegal sentence by determining that his prior conviction for escape from work release was a crime of violence for purposes of the career offender provision of the United States Sentencing Guidelines. On November 20, 2007, the Court denied Petitioner's motion to vacate on the merits. (Doc. No. 2 at 2).

On October 10, 2012, following the Fourth Circuit's en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), Petitioner filed the pending pro se "Letter Motion" in this action, in which he purports to seek sentencing relief under <u>Simmons</u>. (Doc. No. 15). After Petitioner filed his pending "Letter Motion," the Federal Defenders of Western North Carolina appeared as counsel on Petitioner's behalf. (Doc. No. 17). Petitioner subsequently filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking relief under

1

Simmons.[1]  Gilyard v. United States, 3:13cv255 (W.D.N.C.).  This Court subsequently denied that petition on July 14, 2016.  (Id., Doc. No. 4).  The "Letter Motion" filed by Petitioner in this action was not terminated, and it is still showing on the Court's docket as pending.  As the Court has already issued a ruling as to Petitioner's Simmons claim raised in the pending pro se "Letter Motion," the Court will terminate the pending motion in this action as moot.

**IT IS THEREFORE ORDERED** that Petitioner's "Letter Motion," (Doc. No. 15), is hereby terminated as **MOOT**.

Signed: March 8, 2017

Graham C. Mullen
United States District Judge

---

[1] Before filing the Section 2241 petition, Petitioner also filed, through the Federal Defenders, a Section 2255 motion to vacate, seeking Simmons relief, but this on March 18, 2013, this Court denied that petition as an unauthorized successive petition.  Gilyard v. United States, 3:12cv810 (W.D.N.C.), Doc. No. 3.